# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY LYNCH<br>CDCR #BJ-9222,<br><br>                    Plaintiff,<br>vs.<br><br>MATTHEW BOTKIN, et al.,<br>                    Defendants. | Case No. 20cv460-MMA (KSC)<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1);**<br><br>**DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 3] |

Plaintiff Paul Anthony Lynch, currently incarcerated at the California State Prison Sacramento ("CSP") in Represa, California and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint but did file a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 3.

**I.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or

1

the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he has filed in this Court. *See Lynch v. Botkin, et al.*, S.D. Cal. Civil Case No. 3:18cv1677-DMS-JLB (*Lynch I*). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Lynch I*, Plaintiff named John Doe 1, John Doe 2, John Doe 3 and Kevin Burnett as defendants in his original Complaint. In that complaint, Plaintiff alleged that Does 1 and 2 came to his house on August 9, 2017. According to Plaintiff, Doe 1, a Sergeant and a supervisor, told him to "bring [his] faggot ass out of your house or we will come in your house and drag your faggot ass out." *Lynch I*, Compl. at 3. Plaintiff alleges Doe 2 came into his yard and told Plaintiff to come out. When Plaintiff refused, Doe 2 said "if you don't come out of your house I am going to come in your house and beat the shit out of you, faggot, and kill your dogs." *Id.* Burnett arrived and began talking to Plaintiff. *Id.*

2

at 3-4. Plaintiff then heard his back door open and Doe 2 came into his house with other officers. *Id.* at 3. Plaintiff then exited his home with his hands up. At that point, Doe 2 grabbed Plaintiff and put him in a choke hold. *Id.* at 4. Plaintiff contends Burnett, Doe 1, and Doe 3, who Plaintiff says was a Lieutenant and a supervisor, should have prevented Doe 2 from assaulting him. *Id.* at 4-5. The Court directed defendant Burnett be served with the complaint. *See Lynch I*, Doc. Nos. 3, 4.

In Plaintiff's First Amended Complaint ("FAC") in *Lynch I*, Plaintiff named Matthew Botkin, Zachary Pfannenstiel, Christian Sharp and James Burnett as Defendants. *See Lynch I*, FAC at 1. Plaintiff claimed in this complaint that Botkin committed the acts acscribed to Doe 1, Pfannenstiel committed the acts ascribed to Doe 2, and that Sharp was a Lieutenant and supervisor who should have prevented Botkin from harming Plaintiff, the same allegations Plaintiff made against Doe 3 in his original complaint. *Id.* at 3. Plaintiff also alleged Burnett failed to stop Botkin from harming Plaintiff. *Id.* at 3-4. Defendants' motion to dismiss was granted as to Pfannenstiel, Sharp, and Burnett, but denied as to Botkin. *Lynch I*, Doc. No. 25.

In Plaintiff's Second Amended Complaint ("SAC") in *Lynch I*, Plaintiff named only Burnett as a defendant, but also made allegations against Botkin and Pfannenstiel in the body of his complaint. *See Lynch I*, SAC at No. 3-4. Plaintiff alleged in his SAC that Burnett restrained Plaintiff while Botkin administered the choke hold. *Id.* Plaintiff again alleged Pfannenstiel committed the acts ascribed to him in Plaintiff's FAC. *Id.* All three complaints seek to hold Defendants liable for using excessive force during Plaintiff's August 9, 2017 arrest. *See Lynch I*, Compl., FAC, SAC.

Plaintiff's Complaint in this matter also concerns Plaintiff's August 9, 2017 arrest and names Matthew Botkin as a defendant, but also names David Judge and Casey Moss as defendants. *See* Compl. at 3-4. In his complaint, Plaintiff makes the same allegations against Botkin as he did in his FAC and SAC in *Lynch I*. *See id.* In addition, although they are not named as defendants, Plaintiff alleges, as he did in *Lynch I*, that Pfannenstiel came into his house and Burnett held Plaintiff while Botkin administered a choke hold.

3

1  *Id.* Further, Plaintiff alleges Defendants Judge and Moss pushed his body into the hot
2  pavement while he was unconscious from the choke hold. *Id.* at 4.
3  The factual allegations in both matters are nearly identical and name Botkin as the
4  individual who administered the choke hold to Plaintiff in violation of his Fourth
5  Amendment rights. Further, Plaintiff has now filed a "Motion to Join Parties" in *Lynch I*
6  in which he seeks to add defendants Judge and Moss to that case. *See Lynch I*, Doc. No.
7  58. It appears Plaintiff does not seek to initiate a new action with the current filing but
8  rather seeks to add defendants and allegations to his case in *Lynch I*. Thus, the Court
9  finds that Plaintiff's Complaint filed in this action is duplicative of the pleadings he filed
10 in *Lynch I*.
11 A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it
12 "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d
13 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and
14 internal quotations omitted). Because Plaintiff has already brought the same claims
15 presented in the instant action against at least one of the same defendants in *Lynch I*, the
16 Court must dismiss this duplicative pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70
17 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health*
18 *Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action
19 is duplicative of the first, we examine whether the causes of action and relief sought, as
20 well as the parties or privies to the action, are the same."), *overruled on other grounds by*
21 *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Plaintiff is advised that if he wishes to add
22 claims and/or defendants to his case in *Lynch I*, he should seek leave to amend in that
23 case.
24 **II.  Motion to Proceed IFP**
25 Plaintiff has filed a Motion to Proceed IFP and a trust account statement. *See* Doc.
26 No. 3. Because the Court is dismissing this case as duplicative, the Motion to Proceed
27 IFP is moot. Accordingly, the Court denies the motion.
28 //

4

### III. Conclusion and Order

Based on the foregoing, the Court **DISMISSES** this action without prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* as moot. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATED: April 2, 2020

HON. MICHAEL M. ANELLO
United States District Judge